IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| EDRICK HARDRICK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 4:23-cv-46-CDL-MSH |
| v. | : | |
| | : | |
| LORETTA WEITZEL, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

Pending before the Court is Plaintiff Edrick Hardrick's complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Also pending is his recast motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 6).  Having reviewed his application to proceed IFP, the Court finds Hardrick is currently unable to prepay the Court's filing fee.  His motion to proceed IFP is thus **GRANTED**.[1]  Because Plaintiff is proceeding IFP, however, his claims must be screened pursuant to 28 U.S.C. § 1915(e).  For the reasons stated below, the Court recommends that all of Hardrick's claims be dismissed except his § 1983 and state law claims against Defendants Weitzel and Diggs and that this case be stayed pending resolution of Hardrick's state criminal charges.

**I.    Standard of Review**

Under 28 U.S.C. § 1915(e)(2), once a court grants a plaintiff's motion for leave to proceed IFP, the court "shall dismiss the case at any time if the court determines that . . .

---

[1] The Court found Hardrick's earlier IFP motion (ECF No. 2) deficient, and instructed him to file a proper one, which the Court is granting.  Therefore, his original IFP motion is **DENIED AS MOOT**.

the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are clearly baseless, or if it is based on an indisputably meritless legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010) (per curiam) (internal quotation marks omitted).

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion of a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, pp. 235-36 (3d ed. 2004)). In other words, the complaint must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (internal quotation marks omitted). Nevertheless, while "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education," the Court is not permitted "to serve as *de facto* counsel for a party" by

"rewrit[ing] an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (per curiam).

## II.  Factual Allegations and Plaintiff's Complaint

Hardrick's complaint is not the model of clarity. He describes himself as "a child of Anu" who "resides in the kingdom of heaven" and suggests the state courts lack jurisdiction over him. Compl. 2, 4, ECF No. 1. He contends he was "enjoying his life when without probable cause or warrant backed by oath or affirmation, or affidavit or contract proposal of a sort, [Defendants] and agents began the interference on [his] personal and private property." *Id.* at 4. Specifically, he alleges he was operating a motor vehicle on September 30, 2022, when he was pulled over in Columbus, Muscogee County, Georgia by Defendant Loretta Weitzel, a police officer. *Id.* at 2-3, ECF. No. 1. Officers began performing field sobriety tests on Hardrick, which he alleges he passed. *Id.* at 3. Nevertheless, Hardrick was told he was under arrest for drinking and driving and was taken to the police station. *Id.* Once at the police station, Hardrick "took more drinking tests,"

3

which he also passed. *Id.* However, instead of being released, Hardrick was charged with "something different" than the reason they brought him to the station. Compl. 3. Hardrick does not allege exactly what this other charge was, but he contends it was a "false traffic ticket." *Id.* He identifies officer Cibert Diggs as the "fictional agent . . . entering in the false claim against Edrick."[2] *Id.*

Hardrick states he appeared in court on October 5, 2022, before Judge Steven Smith. *Id.* Hardrick alleges that instead of dismissing the charge, Judge Smith violated the cannons of judicial ethics by setting a new court date.[3] *Id.* at 3-4. Feeling he was not properly served with notice, Hardrick did not appear at the new court date and Defendant Judge Pythias Temesgen, the Judge of the State Court of Muscogee County, issued a bench warrant. *Id.* at 4. Hardrick then called the Court and spoke with Katrina Wolff—who Hardick identifies as "a clerk or solicitor employed by Muscogee County"—who told him he must come to Court to get the warrant dismissed. Compl. 2, 4. She also refused Hardrick's request to send a "new case letter" or provide him with a transcript. *Id.*

Hardrick's complaint contains four counts. In the first count, he alleges a violation of his Fourth Amendment rights by "trespass," contending Defendants' acts were unreasonable, unjustified, excessive, and interfered with his right to free will. *Id.* at 5. In

---

[2] Diggs is not listed in the case caption, but he is identified as a Defendant in the body of the complaint. Compl. 2.

[3] The Court takes judicial notice that Judge Steven Smith is the Municipal Court judge for Columbus, Georgia. *See Portley-El v. Blevins*, No. CIV–08–160–D, 2009 WL 806793, at *8 n.29 (W.D. Okla. Mar. 24, 2009) (noting authority of a district court to take judicial notice of the presiding judge of another court).

count two, he alleges a Fourth Amendment violation through "false arrest," alleging Defendants had no probable cause to arrest him. *Id.* at 6. In count three, he alleges a state law claim for assault and battery, stating he "sustained physical and emotional injuries" as a result of the incident. *Id.* at 7. In count four, he alleges a state law claim of intentional infliction of emotional distress, asserting Defendants' actions were taken "intentionally with malice, willfulness, and reckless indifference to the rights and safety of Plaintiff[]." *Id.* at 8. Hardrick sees compensatory and punitive damages and a "permanent injunction directing and ordering [Defendants] not to further harass or deprive rights without [his] express consent or other valid authorization." Compl. 5-10.

### III. Fourth Amendment Claims

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under the color of state law." *Lloyd v. Leeper*, 451 F. Supp. 3d 1314, 1322 (M.D. Fla. 2020) (quoting *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001)). The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend IV. "A traffic stop constitutes a seizure for Fourth Amendment purposes. However, the inquiry is not simply whether a suspect has been seized, but whether the seizure was unreasonable. A traffic stop is reasonable if it is based upon probable cause or supported by reasonable suspicion in accordance with *Terry v. Ohio*, 392 U.S. 1 (1968)." *Lloyd*, 451 F. Supp. 3d. at 1323 (internal citations omitted). A plaintiff may state a claim based on a traffic stop unsupported by probable cause or reasonable suspicion regardless of whether he is subsequently subjected to a search or arrest. *See Porter v. Porterfield,* No. 14–61800–CIV,

2015 WL 2341922, at *4 (S.D. Fla. May 14, 2015) (finding plaintiff stated a § 1983 claim based on initial stop of the vehicle alone). Further, "[a] warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim." *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996).

Construed liberally, Hardrick alleges Weitzel stopped his vehicle without probable cause or reasonable suspicion. Although he does not allege what role, if any, she played following the initial stop, Hardrick's complaint is sufficient to state a § 1983 claim based on the initial stop alone. Further, he alleges that despite knowing he had not committed a drunk driving offense, Diggs falsely charged him with an alternate crime despite lack of probable cause. This is also sufficient to state a § 1983 claim.

Nevertheless, while Hardrick sufficiently states § 1983 claims against Weitzel and Diggs, his § 1983 claims against the remaining defendants must be dismissed. First, judicial immunity bars Hardrick's claims against Defendants Smith and Temesgen. "Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009) (per curiam) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). "A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction." *Id.* (citing *Dykes v. Hosemann*, 776 F.2d 942, 947-48 (11th Cir. 1985)). In this case, Smith and Temesgen's allegedly unconstitutional conduct occurred entirely during Hardrick's state court proceedings; there is no suggestion that they acted in the clear absence of all

6

jurisdiction. Thus, Smith and Temesgen are entitled to judicial immunity, and the § 1983 claims against them should be dismissed.

The same is true for Wolff, who Hardrick identifies as either a clerk of court or solicitor. Compl. 2. In either case, she is entitled to immunity. "Absolute judicial immunity extends not only to judges, but to other persons whose 'official duties have an integral relationship with the judicial process.'" *Jallali v. Florida*, 404 F. App'x 455, 456 (11th Cir. 2010) (per curiam) (quoting *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)). Further, a prosecutor is generally "entitled to absolute immunity for acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State." *Mastroianni v. Bowers*, 173 F.3d 1363, 1366 (11th Cir. 1999) (internal quotation marks omitted). Finally, even if not entitled to immunity, Hardrick's only allegation against Wolff is that she gave him information about his case that he did not like, which is insufficient to state a claim.[4]

## IV.  State Law Claims

In addition to the § 1983 claims, Hardrick asserts two state law claims against "all defendants." Compl. 7-8. He alleges Defendants' actions constituted "assault and battery" and "intentional infliction of emotional distress." *Id.* Because the Court has jurisdiction

---

[4] Hardrick specifies his § 1983 claims are only against the individual defendants. Compl. 5-6. This is appropriate as his § 1983 claim cannot be asserted against the State of Georgia or the Muscogee County Sheriff's Office. *See Thornton v. Albany Drivers License*, No. 1:11–CV–171-CDL, 2012 WL 3191769, at *2 n.3 (M.D. Ga. Aug. 2, 2012) (noting the State of Georgia is not a "person" under § 1983 and thus not subject to suit); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit[.]"). Further, his basis for liability against Muscogee County appears to rely solely on *respondeat superior*, which is insufficient to support a § 1983 claim. *See Quinn v. Monroe Cnty.*, 330 F.3d 1320, 1325 (11th Cir. 2003).

over Hardrick's § 1983 claims, it has supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(a) (providing supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). For the reasons stated below, the Court concludes Hardrick has sufficiently stated state law claims against Weitzel and Diggs but recommends the state law claims against the remaining defendants be dismissed.

Regarding Weitzel and Diggs, the Court must consider whether they are protected by official immunity. "[S]tate officers and employees and those of its departments and agencies are subject to suit only when they negligently perform or fail to perform their 'ministerial functions' or when they act with actual malice or intent to cause injury in the performance of their 'official functions.'" *Gilbert v. Richardson*, 264 Ga. 744, 752-53 (1994) (quoting Ga. Const. art. I, § II, ¶ IX(d)); *see Cameron v. Lang*, 274 Ga. 122, 125 (2001) (noting official immunity applied to discretionary acts of municipal police officers). Thus, the applicability of official immunity depends on whether the officer's act was ministerial or discretionary. "A ministerial act is an action that is simple, absolute, and definite, requiring merely the execution of a specific duty." *Stanley v. Patterson*, 314 Ga. 582, 587 (2022) (internal quotation marks omitted). "A discretionary act, on the other hand, requires personal deliberation and judgment and acting in a way that is not specifically directed." *Id.* (internal quotation marks omitted).

An officer's decision to make a traffic stop or place a suspect under arrest are considered discretionary acts, requiring proof of malice or intent to injure to overcome

8

official immunity. *Perry v. Greene Cnty., Ga.*, No. 3:08-cv-43-CDL, 2009 WL 4893589, at *11-12 (M.D. Ga. Dec. 9, 2009). "[A]ctual malice requires a showing that the actor had a deliberate intention to do wrong, and . . . is based on an actual intention to do harm or inflict injury." *Griswold v. Collins*, 318 Ga. App. 556, 558 (2012) (internal quotation marks and citations omitted). It "requires more than harboring bad feelings or ill will about another; rather, ill will must also be combined with the intent to do something wrongful or illegal." *Wyno v. Lowndes Cnty.*, 305 Ga. 523, 531 (2019) (internal quotation marks omitted). It also "requires more than showing that the defendant police officer lacked probable cause." *Shaw v. Peach Cnty.*, No. 5:21-cv-00145-TES, 2022 WL 16700385, at *15 (M.D. Ga. Nov. 3, 2022) (quoting *Davis v. Lang*, 706 F. App'x 551, 557 (11th Cir. 2017) (per curiam)). However, an officer is not entitled to official immunity if he or she "had actual, subjective knowledge that no crime was committed at the time of the arrest." *Longino v. Henry Cnty., Ga.*, 791 F. App'x 828, 839 (11th Cir. 2019) (per curiam) (citing *Lagroon v. Lawson*, 328 Ga. App. 614, 619 (2014)).

As noted above, Hardrick's complaint does not clearly delineate Weitzel and Diggs's actions during each step of the traffic stop, transport to the police station, and arrest. Construed liberally, though, he alleges these Defendants charged him with a crime despite "drinking tests" showing he was innocent. Compl. 2-3. An illegal arrest by an officer constitutes an assault under Georgia law. *Napper v. State*, 200 Ga. 626, 629 (1946). Further, to state a claim of intentional infliction of emotional distress, a plaintiff must prove 1) the officer's conduct was intentional or reckless, 2) the conduct was extreme and outrageous, 3) the conduct caused emotional distress, and 4) the emotional distress was

9

severe. *Hill v. City of Fort Valley*, 251 Ga. App. 615, 616 (2001). Again, the conduct alleged here, involving an illegal arrest with knowledge of Hardrick's innocence, states a claim of intentional infliction of emotional distress for purposes of frivolity review.

The Court, however, recommends the claims against the remaining Defendants be dismissed. As with the § 1983 claim, the judges and Wolff are entitled to immunity. *See Fitzgerald v. Child Support Receiver*, No. 5:21-cv-00071-TES, 2021 WL 5413662, at *3 (M.D. Ga. Mar. 16, 2021) (stating judicial immunity "shields a judicial actor from constitutional claims and state-law claims alike" and applies to those "who, like clerks of court, are themselves integral parts of the judicial process"); *McSmith v. Brown*, 317 Ga. App. 775, 775-76 (2012) (noting immunity for solicitors for actions arising from the performance of their official duties). Further, the State of Georgia, Muscogee County, and the Muscogee County Sheriff's Office are entitled to sovereign immunity. *See Richardson v. Quitman Cnty., Ga.*, 912 F. Supp. 2d 1354, 1368 (M.D. Ga. 2012) ("The Georgia Constitution extends sovereign immunity to 'the state and all of its departments and agencies,' including sheriffs and counties." (quoting Ga. Const. art. I, § II, ¶ IX(e)); *Timberson v. Butts Cnty., Ga.*, No. 5:21-cv-00291-TES, 2022 WL 17672624, at *10 (M.D. Ga. Dec. 14, 2022) (finding sovereign immunity barred state law claims against the Butts County Sheriff's Office).

### V.     *Younger* Doctrine

While the Court finds Hardrick sufficiently states § 1983 and state law tort claims against Weitzel and Diggs, it also recommends the case be stayed pending resolution of Hardrick's pending state criminal charges. In *Younger v. Harris*, 401 U.S. 37, 53 (1971),

the United States Supreme Court explained that federal courts must refrain from intervening with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Younger* abstention is thus required where (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See, e.g.*, *Newsome v. Broward Cnty. Pub. Defs.*, 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see also Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (extending *Younger* to § 1983 actions for money damages).

Hardrick alleges his state criminal case is still pending.[5]  Compl. 4.  Any decision by this Court with respect to the constitutional issues raised by Hardrick would substantially interfere with, and perhaps undermine, the decisions reached by the state court in those proceedings. *See Newsome*, 304 F. App'x at 816 (noting that the relevant inquiry with respect to the first *Middlesex* factor is "whether the federal proceeding will interfere with an ongoing state court proceeding" (internal quotation marks omitted)).  The pending criminal proceedings also implicate the state's important interest in prosecuting those who have violated its criminal laws. *See, e.g.*, *Juidice v. Vail*, 430 U.S. 327, 335 (1977) (recognizing important state interest in the enforcement of its laws).  And Hardrick has

---

[5] Hardrick removed his state criminal case to this Court, but the undersigned recommended it be remanded to the state court. R. & R. 2, *State of Georgia v. Hardrick*, 4:23-cv-44-CDL-MSH (M.D. Ga. Mar. 17, 2023), ECF No. 4.

failed to show that the state proceedings will not provide him with an adequate opportunity to raise his claims that Defendants illegally arrested him.  *See Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 490 (11th Cir. 2015) (per curiam) (noting that federal courts should assume that the state procedures provide an adequate remedy absent "unambiguous authority to the contrary" (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003))).

Finally, Hardrick also does not allege sufficient facts to demonstrate that an exception to the *Younger* abstention doctrine applies.  *Younger* abstention may not be required where "(1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate state forum where the constitutional issues can be raised." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004).  "A prosecution is taken in bad faith if state officials proceed 'without hope of obtaining a valid conviction.'"  *Gates v. Strain*, 885 F.3d 874, 881 (5th Cir. 2018) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  "The bad faith exception is narrow and should be granted parsimoniously."  *Id.* (quotation marks omitted).  While Hardrick makes conclusory allegations against the judges, clerk, and solicitor, he presents no facts showing a threat of irreparable harm if this Court fails to intervene in his ongoing criminal prosecution or that he will be somehow deprived of an adequate forum where his constitutional challenges can be addressed.  The mere fact that he must endure a state criminal prosecution fails to demonstrate irreparable harm.  *See Younger*, 401 U.S. at 46.  Therefore, the Court recommends that Hardrick's case be stayed pending resolution of the state criminal charges.

## CONCLUSION

For the foregoing reasons, the Court recommends that all of Hardrick's claims be dismissed except his § 1983 and state law claims against Defendants Weitzel and Diggs. It is recommended that this case be stayed pending resolution of Hardrick's state criminal charges, and that this case be administratively closed.[6] Pursuant to 28 U.S.C. § 636(b)(1), Hardrick may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. See M.D. Ga. L.R. 7.4. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED AND RECOMMENDED** this 26th day of April, 2023.

---

[6] Hardrick is directed that if he wishes to reopen this case upon completion of his state criminal case, he **MUST** file a motion to reopen within thirty (30) days of his state criminal proceedings being completed.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE